NAME: Bernard Hill
PRISON NUMBER: J76544
CURRENT ADDRESS OR PLACE OF CONFINEMENT: CCI Dorm #4 Bed 5 UP, California Correctional Institution
CITY, STATE, ZIP CODE: Tehachapi, California 93581

2254 ✓   1983 ___
FILING FEE PAID: Yes ___ No ✓
IFP MOTION FILED: Yes ✓ No ___
COPIES SENT TO: Court ✓  ProSe ___

FILED
2008 JAN 22  PM 4:26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Bernard Hill,
(FULL NAME OF PETITIONER)
PETITIONER

v.

J.W. Sullivan,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])
RESPONDENT

and

Hon. Gerry Brown,
The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0124 JM CAB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: Superior Court of the State of California, In and for the County of San Diego.
2. Date of judgment of conviction: June 15, 2006
3. Trial court case number of the judgment of conviction being challenged: Case number, 194373
4. Length of sentence: 12 years

CIV 68 (Rev. 11/98)                                K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: June 15, 2006. release date, October 1, 2015

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Count 1, HS 11352(a), Count 2. HS 11351.5, Count 3. HS 11364.

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the California Court of Appeal?
    ☒ Yes ☐ No

11. If you appealed in the California Court of Appeal, answer the following:
    (a) Result: Affirmed conviction
    (b) Date of result, case number and citation, if known: Filed date, July 31, 2007. Case number D048917
    (c) Grounds raised on direct appeal: All elements of sales or possession for sales by Appellant were not proved beyond a reasonable doubt. The trial court erred in refusing Appellant's requested Instructions on Entrapment. Trial Court erred, denied Appellant's right to cross wit

12. If you sought further direct review of the decision on appeal by the California Supreme Court (e.g., a Petition for Review), please answer the following:
    (a) Result: Petition for Review, denied.
    (b) Date of result, case number and citation, if known: October 10, 2007 Case number/citation # S156032.
    (c) Grounds raised: Trial Court erred in refusing Appellant's requested Instructions on Entrapment. Trial Court erred denied Appellant his right to cross-examin Undercover Officer.

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:
    (a) Result: _____
    (b) Date of result, case number and citation, if known: _____
    _____
    (c) Grounds raised: _____
    _____
    _____
    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    ☐ Yes  ☒ ~~No~~

15. If your answer to #15 was "Yes," give the following information:
    (a) <u>California Superior Court</u> Case Number: _____
    (b) Nature of proceeding: _____
    _____
    (c) Grounds raised: _____
    _____
    _____
    _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ ~~No~~
    (e) Result: _____
    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    ☐ Yes  ☒ ~~No~~

17. If your answer to #17 was "Yes," give the following information:
    (a) <u>California Court of Appeal</u> Case Number: _____
    (b) Nature of proceeding: _____
    _____
    (c) Grounds raised: _____

_____
_____
_____

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: _____

(f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Supreme Court?
☒ Yes ☐ No

19. If your answer to #19 was "Yes," give the following information:

(a) California Supreme Court Case Number: S156032

(b) Nature of proceeding: Petition for Review.

(c) Grounds raised: The trial court erred in unduly restricting appellant's cross-examination of the undercover officer on the facts of the case, defendant's request for an instruction on the defense of entrapment should have been granted.

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: _____

(f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____
_____
_____
_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your first federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No    (IF "YES" SKIP TO #11)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: On the facts of this case, Petitioner's Request for an instruction on the entrapment defense should have been granted.

Supporting FACTS (state *briefly* without citing cases or law) On 10-14-05, Detective Vernon Peterson of the San Diego Police Department was in the 1400 block of Island street in the city of San Diego, looking to buy drugs in a undercover capacity. He approached a group of three people, 2 male, and one female. Detective Peterson spoke to the female of the group. Detective Peterson testified that he asked her for 2.0., (rock cocaine), he testified that she said "I don't know you", as her response. Based on the detectives assigned to moniter the undercover's movements during the buy/bust opperation, they testified that, they observed Detective Peterson walking away from the female he was talking to, and left the area. After awhile, the Detectives, that was monitering Detective Peterson, stated that they observed Detective Peterson returning to the area, and again he approuched the group of three people, and again he spoke to the female of the group. Detective Peterson testified that he asked the female for a 2.0., a second time, he testified during the 2-22-06, first trial that, he tried to be persistant, this testimony was stated during direct examination. During

Did you raise GROUND ONE in the California Supreme Court?
☑ Yes ☐ No.

### (a) Ground One

cross-examination by the defense, regarding the second the time Detective Peterson asked the female for a 2.0, he testified that he was pretty persistant. As a result, of his numberous request for drugs, Detective Peterson testified that the female stated that she was scared. As a result, and only after becoming scared, did she aid Detective Peterson in his quest to buy drugs, and subsequently she was arrested and charged with sales of a controled substance along with Petitioner. During diret examination, at the May 12, 2006 second trial, regarding his request to buy drugs, involving the female, and what happened after her initial refuseal. That questioning is as follows;

   Q. When she indicated to you that she didn't know you, what's the next thing you remember happening at that point in time?

   A. After that I stated again I just wanted a 2-0, trying to just let her know that I was okay.

   Q. When you say, trying to let her know that you were okay, what do you mean by that?

   A. Just letting her know that she could trust me.

   Q. What did she do at that point?

   A. At that point she stated she was scared.

   Q. Did she say anything else to you at that point when she indicated to you that she was scared?

   A. No. she just stated, "I'm scared." Pg. 117, line 21-28. Pg 118. 1-3.

Here Detective Peterson did not admit that he left the area after the female said she didn't know him, and upon retruning, he contacted her again, and she said she was scared. Nor did Detective Peterson discrbe his conduct as "persistant."

## (a) Ground One

The same line of questioning, during the defense cross-examination, regarding Detective Peterson's request to buy drugs involving the co-defendant, during the May 12, 2006 second trial. Is as follows:

Q. And then you came back and you confronted her again?
A. Yes.
Q. And you used the word Persisted?
A.
The Court: Is this from the previous hearing sir?
Mr Hill: Yes its on page 13, paragraph 11 to 16.
The Court: May I show him the transcript sir?
Mr. Hill: Yes.
The Witness: Yes, I see that.
Q. And it says "I walked"-- This is you "I walked up to Ms. King and asked her for a 2-0, which is the street term for a 20 worth of narcotics. Ms. King looked at me and stated that she didn't know me. I tried to be persistant." Officer Peterson isn't "persistant" a firm bold way of persuasion?
A. No.
Q. But you continually tried to, against her rejections, you continually tried to get to participate in your quest to purchase drugs; isn't that correct?
A. I tried to buy narcotics from her, Yes.

3 of 5.

(a) Ground One

Q. and she said, in a word, No?
A. Yes, she did.
Q. And, Officer Peterson, she became scared, correct?
A. Yes. PPg. 142 and 143 lines 14-19.

This line of questioning stems from the second time detective Peterson returned to the area, contacted the co-defendant, and tried to buy narcotics. The inference here, is that, Detective Peterson's numberous attemps to buy drugs during the second contact with the co-defendant, seems to appear evident. Q. Against her rejection(s), you continually tried to get her to particpate in your quest to purchase drugs.
A. I tried to buy the narcotic from her Yes.

Petitioner feels that it seems that Detective Peterson either used presistants as he said he did in the 2-22-06 first trial, or a false pretense that it was okay to break the law, as he testified to in the May 12, 2006, second trial. It seem it was necessary because she continued to say no.

Petitioner feels that it is reasonably evidant that there was substantual evidence introduced in this case to sustain a defense of entrapment. Petitioner concedes to the fact that it would have been the duty of the jury to determine guilt or innocents regarding this issue, entrapment. Nevertheless Petitioner feels that he would have been able to illousate the burdon of proof. The undercover officer asked for drugs, the co-defendant said "No", he continued the request, untill she became scared. Petitioner feels that it seems that Detective Peterson used the co-defendant as a tool (though she was unwilling), to bring about the arrest of Petitioner.

4. of 5.

### (a) Ground One

Petitioner feels that the focus should be on the conduct of the Officer who initiated the crime, and the responce. In the instant case, Detective Peterson seemed to have used mainipulation and or the notion that it's okay to sale drugs, to overcome rejection. Petitioner showed no intrest in what was going on regarding what Detective Peterson was doing, either before he was approuched by the co-defendant or afterwords.

(b) **GROUND TWO**: The Trial Court Erred In Unduly Restricting Petitioner's Cross-Examination Of The Undercover Officer, Vernon (Vern) Peterson.

Supporting FACTS (state *briefly* without citing cases or law): Detective Vernon Peterson testified throughout this case at both the 2-22-06, first trial and the May 12, 2006, second trial that, he had a one-way wire, and none of his conversation were ever recorded, he also intered this into his police report, dated 10-14-05. After Petitioner had a chance to listen to the audio, (Petitioner did not receive the 10-14-05 audio recording until after the first trial had ended.) Petitioner could hear Detective Peterson ingaged in a two-way "recorded conversation", and this may have happened more than once. The first trial ended in a deadlock, it was expressed by a number of jurors that, Detective Peterson was not telling truth during his testimony. It was part of Petitioner's plan during the May 12-2006, second trial, to call Detective Peterson back to the witness stand, and have him testifi as to how he could be heard specking on the audio, when he testified that none of his conversations were ever recorded, and that he only had a one-way wire. During the May 12, 2006 trial, the trial court judge asked Petitioner if there was anyone he wanted to call to the witness stand. Petitioner stated that he wanted to re-call Detective Peterson. The prosecution informed the court that, his witness, Detective Peterson, had left the court house. Upon calling Detective Peterson, the Prosecution

Did you raise GROUND TWO in the California Supreme Court?
☑ Yes ☐ No.

## (b) Ground Two

told the court that Detective Peterson was at his home, but could make it back to the courthouse by 4:00 P.M. Upon this information the court enquired of Petitioner as to why (show cause), he wanted to re-call Detective Peterson. Throughout both trial hearings, Petitioner never had to show cause in order to re-call a witness to the stand, until the issue of the whereabouts of Detective Peterson arose. Nevertheless Petitioner stated to the court that, Detective Peterson had testified that he only had a one-way wire in which he could only transmit, but not receive, and none of his conversation were ever recorded. Petitioner pointed out to the court, page 6, line(s) 24-26, of the transcript of the 10-14-05 incident, and the recording. The court took a break, returned, and said that he had read page 6, of the transcripts, and listend to the recording, and concluded that the voices on tape was not Detective Vernon (vern) Peterson, and thus denied Petitioner his right to recall the witness. Prior to Petitioner's request to re-call Detective Peterson, during direct examination, regarding the allegded one-way wire, is as follows; Q. What did you do?
A. I just stated on my one-way wire that I saw Mr. Hill drop the glass pipe and cigarette lighter. Pg. 124, lines 2-4.

The actual recording of the Detective's (Peterson), transmission, transcribed, is as follows; "Hey," Vern, it's positive on both.
[gap]
Hey, Vern says the guy dropped a lihter and pipe right about where you picked him up.
10-14-05, pg. 6, ln 12-15.

2 of 3.

(b) Ground Two

Here Petitioner feels that, this appears to be a two-way conversation between Detective Vernon (Vern) Peterson, and someone else. Then it continues, as follows; "Hey", Vern, do you remember if the lighter is blue?
Yeah, it was a blue lighter.
10-14-05, pg. 6, line. 24-25.

Here Petitioner feels that this seems to be a two-way conversation (recorded), between Detective Vernon (Vern) Peterson, and someone else. Petitioner feels that he should have been givin the right to question Detective Peterson regarding what appears to be a two-way communication in which he (Vern) is a party. The trial judge concluded that the voice on the tape was not Detective Vern Peterson, and thus denied Petitioner his right to re-call the witness.

3. of 3.

## Conclusion

Petitioner was entrapped by way of the manipulation of the co-defendant, who was pressured against her will, by the undercover officer, Vernon Peterson. Subsequently she unwittingly aided the undercover officer in the illegal purchase of narcotics from Petitioner. Petitioner was denied by the court, his rights to the entrapment jury instruction, though, Petitioner had factual evidence to support the entrapment defense. Detective Peterson's many testimonies were unsupported by the evidence. He stated in his testimony that he only had a one-way wire, but the evidence clearly shows him engaged in a two-way communication. Petitioner had the right to confront the witness regarding this issue, but was denied his rights by the trial judge. The violations of Petitioner's rights in this case warrants the reversal of his conviction.

23. Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: _____
    (b) Case Number: _____
    (c) Date action filed: _____
    (d) Nature of proceeding: _____
    _____
    (e) Grounds raised: _____
    _____
    _____
    _____
    _____
    (f) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____
    _____
    (b) At arraignment and plea: _____
    _____
    (c) At trial: _____
    _____
    (d) At sentencing: _____
    _____
    (e) On appeal: _____
    (f) In any post-conviction proceeding: _____
    _____
    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____
    _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future: _____

    (b) Give date and length of the future sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        ☐ Yes  ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_1-11-08_____          _Bernard Hill_____
(DATE)                          SIGNATURE OF PETITIONER

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Bernard Hill

2254 / 1983

FILING FEE PAID
Yes ___ No ✓

IFP MOTION FILED
Yes ✓ No ___

COPIES SENT TO
Court ✓ ProSe ___

FILED
2008 JAN 22 PM 4: 26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DEFENDANTS

Sullivan, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Bernard Hill
PO Box 608
Tehachapi, CA 93581
J-76544

**ATTORNEYS (IF KNOWN)**

'08 CV 0124 JM CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE          Docket Number

DATE  January 22, 2008       SIGNATURE OF ATTORNEY OF RECORD

R. Mull [signature]