NAME: Bernard Hill
PRISON NUMBER: J76544  CCI Dorm 4, Bed 5P
CURRENT ADDRESS OR PLACE OF CONFINEMENT: California Correctional Institution
CITY, STATE, ZIP CODE: Tehachapi, California 93581

FILED
2008 FEB 22 PM 3:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Bernard Hill,
(FULL NAME OF PETITIONER)
PETITIONER

v.

J.W. Sullivan, Warden, et al.,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])
RESPONDENT
and

_____,
The Attorney General of the State of California, Additional Respondent.

Civil No. 08CV0124 JM (CAB)
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## FIRST AMENDED
PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: Superior Court of the State of California In and for the County of San Diego
2. Date of judgment of conviction: June 15, 2006
3. Trial court case number of the judgment of conviction being challenged: Case number 194373
4. Length of sentence: 12 years

CIV 68 (Rev. Jan. 2006)                                        CV

5. Sentence start date and projected release date: June 15, 2006, release date, October 1, 2015

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Count one, HS 11352(a). Count two, HS 11351.5. Count three, HS 11364.

7. What was your plea? (CHECK ONE)
   (a) Not guilty  ☑
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury  ☑
   (b) Judge only  ☐

9. Did you testify at the trial?
   ☐ Yes  ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: Affirmed Conviction
    (b) Date of result (if known): Filed date, July 31, 2007
    (c) Case number and citation (if known): D048917
    (d) Names of Judges participating in case (if known) _____
    (e) Grounds raised on direct appeal: The trial court erred in refusing Appellants' requested Instruction on Entrapment. Trial court erred, denied Appellants' right to cross-examin the adverse witness.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: Petition for Review denied
    (b) Date of result (if known): October 10, 2007
    (c) Case number and citation (if known): S156032
    (d) Grounds raised: U.S. Constitutional violation, defense denied right to cross-examin adverse witness. Constitutional violation, denied jury Instructions on entrapment defense.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:
    (a) Result: _____
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____
    _____
    (d) Grounds raised: _____
    _____
    _____
    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:
    (a) **California Superior Court** Case Number (if known): _____
    (b) Nature of proceeding: _____
    _____
    (c) Grounds raised: _____
    _____
    _____
    _____
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No
    (e) Result: _____
    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:
    (a) **California Court of Appeal** Case Number (if known): _____
    (b) Nature of proceeding: _____
    (c) Names of Judges participating in case (if known) _____
    
    (d) Grounds raised: _____
    
    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No
    (f) Result: _____
    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☒ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:
    (a) **California Supreme Court** Case Number (if known): S 156032
    (b) Nature of proceeding: Petition for review
    
    (c) Grounds raised: Petitioner presented to the California Supreme Ct., the issue of whether it was a constitutional violation when the trial court denied Petitioner his right to cross-examin the witness, and whether it was a constitutional violation when the court denied Petitioner entrapment jury instructions.
    
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No
    (e) Result: _____
    (f) Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____
_____
_____
_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No    (If "Yes" Skip to #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (Check One):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) GROUND ONE: The trial courts' refusal to provide the requested instruction on the defense of entrapment violated Petitioners right to a jury trial as guaranteed by the United States Constitution.

Supporting FACTS: Petitioner presented to the Supreme Court of California the issue of whether it was a constitutional violation of Petitioners' jury trial when, the trial court refused to provide the jury with instructions on the defense of entrapment; Petition of defendant, Bernard Hill, for review by the Supreme Court of the State of California, following the unpublished decision of the Court of Appeal, Fourth Appellate District, Division One, affirming the judgment: Issues Presented, pg. 2, 8-9-07. On 10-14-05, Detective Vernon Peterson of the San Diego Police Department was in the 1400 block of Island street looking to buy drugs in a under cover capcity. He approched a group of three poeple 2 male and 1 female. Detective Peterson testified that he spoke to the female of the group. Detective Peterson testified that he asked her for a 2.0 (rock cocaine), he testified that she said "I dont know you," as her responce. Based on the other Detectives assigned to moniter the under covers movements during the buy/bust opperation, they

Did you raise GROUND ONE in the California Supreme Court?

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): review petition.

(2) Case number or citation: S156032

(3) Result (attach a copy of the court's opinion or order if available): _____

Ground One:

they testified that, they observed Detective Peterson walking away from the female he was talking to, and left the area. After awhile, the Detectives that were monitering Detective Peterson's movements stated that, they observed Detective Peterson returning to the area, and again he approched the grop of three people, and again he spoke to the female of the group. Detective Peterson testified that he asked the female for a 2.0., a second time, he testified during the 2-22-06, first trial that, he tried to be persistant, this testimony was stated during direct examination. During cross-examination, by the defense, regarding the second time Detective Peterson asked the female for a 2.0, he testified that he was pretty persistant. As a result of his numerous request for drugs, Detective Peterson testified that the female stated that she was scared. Only after becoming scared, did she aid Detective Peterson in his quest to buy drugs, she approched Petitioner, as Petitioner was walking by, and said here hand him (under cover), this. Subsequently she was arrested and charged with sales of a controled substance, along with Petitioner... During direct examination, at the May 12, 2006, second trial, regarding Detective Peterson's request to buy drugs involving the female, and what happened, after her initial refusal. That line of questioning is as follows;

   Q. When she indicated to you that she didn't know you, what's the next thing you remember happening at that point in time?

   A. After that I stated again I just wanted a 2-0, trying to just let her know that I was okay.

2. of 5

Ground One:

> Q. When you say, trying to let her know that you were okay, what do you mean by that?
> A. Just letting her know that she could trust me.
> Q. What did she do at that point?
> A. At that point she stated she was scared.
> Q. Did she say anything else to you at that point when she indicated to you that she was scared?
> A. No, she just stated, "I'm scared." Pg. 117, line 21-28, Pg. 118, 1-3.

Here, Detective Peterson did not admit that he had left the area after the co-defendant indicated that she was unwilling to particpate in his quest for drugs, and upon retruning, he contacted her again, and as a result she became scared. Nor did Detective Peterson discribe his conduct as "persistent". That same line of questioning, during the defense cross-examination, regarding Detective Peterson's request to buy drugs involving the co-defendant, during the May 17, 2006 second trial, Is as follows:

> Q. And when you came back and you confronted her again?
> A. Yes.
> Q. And you used the word Persisted?
> The Court: Is this from the previous hearing sir?
> Mr. Hill: Yes its on page 13, paragraph 11 to 16.
> The Court: May I show him the transcripts sir?
> Mr. Hill: Yes
> Q. And it says I walked -- This is you

3. of 5

Ground One:

"I walked up to Ms. King and asked her for a 2-0. Which is the street term for a 20 worth of narcotics. Ms King looked at me and stated that she didn't know me. I tried to be persistant." Officer Peterson isn't "peristant" a firm bold way of persuasion?
A. No.
Q. But you continually tried to, against her rejections, you continually tried to get her to particpate in your quest to purchase drugs: isn't that correct?
A. "I tried to buy narcotics from her. yes.
Q. And she said, in a word, No?
A. Yes, she did.
Q. And, Officer Peterson, she became scared, correct?
A. Yes. Pg. 142 and 143. lines, 14-19.
This line of questioning stems from the second time detective Peterson returned to the area, contacted the co-defendant, and tried to buy narcotics. The inference here is that Detective Peterson made numerous attempts to buy drugs during the second contact with the co-defendant. Petitioner feels that it seems that Detective Peterson either used presistants as he said he did in the 2-22-06 first trial, or a false pretense that it was okay to break the law as he testified to in the May 12, 2006, second trial. It seems it was necessary because she continued to tell him no.

Ground One:

Petitioner feels that it is reasonably evident that there was substantual evidence introduced in this case to sustain a defence of entrapment. Petitioner's guaranteed constitutional right were violated, in that the trial court refused to provide the jury with the requested entrapment defense instructions, thus all facts of the case were not tried. Petitioner feels that he would have been able to illousrate the burden of proof. The under cover officer asked for drugs, the co-defendant said "No", he continued the request until she became scared, at that point she approches Petitioner as he's walking by, and says here hand him this. Petitioner feels that it seems that Detective used the co-defendant as a tool (though she was un-willing), to bring about the arrest of Petitioner. Petitioner feels that the focus should be on the conduct of the Officer who initiated the crime and the responce, or the lack thereof. In the instant case, In which Detective Peterson used manipulation, that, it was okay to sole drugs, to over come rejection. Petitioner showed no intrest in what was going on regarding what Detective Peterson was doing, either before he was approched by the co-defendent or afterwords.

(c) **GROUND ~~TWO~~**: The trials court's refusal to recall the under cover officer for cross-examination violated Petitioner, to confront and cross-examin the adverse witness under the 6th Amendment.

**Supporting FACTS:** Petitioner present to the Supreme Court of California the issue of whether it was a violation of Petitioners 6th Amendment to the United States Constitution, and Petitioners rights to Due Process under the 14th Amendment to the United States Constitution when, the trial court refused to recall a percipent law enforcement witness for further cross-examination. Petition of defendant Bernard Hill, for review by the Supreme Court of the State of California, following the unpublished decision of the Court of Appeal, Fourth Appellate District, Division One, affirming the judgment. Issues Presented, pg. 2, 8-9-07. Detective Vernon Peterson testified throughout this case at both the 2-22-06 first trial, and the May 12, 2006, second trial that, he had a one-way wire, and none of his conversaions were ever recorded, he also intered this into his police report, dated 10-14-05. After Petitioner had a chance to listen to the audio (Petitioner did not receive the 10-14-05 audio recording until after the first trial had ended) Petitioner could hear Detective Peterson ingaged in a two-way

**Did you raise GROUND THREE in the California Supreme Court?**

☑ Yes ☐ No.

   If yes, answer the following:

   (1) Nature of proceeding (i.e., petition for review, habeas petition): Review Petition

   (2) Case number or citation: S156032

   (3) Result (attach a copy of the court's opinion or order if available): _____

Ground #2:

recorded conversation, and this may have happened more than once. The first trial ended in a deadlock, it was expressed by a number of jurors that, Detective Peterson was not telling the truth during his testimony. It was part of Petitioner's plan during the May 12-2006 second trial, to recall Detective Peterson back to the witness stand, and have him testifi as to how he could be heard speaking on the audio, when he testified that he only had a one-way wire. During the May 12, 2006 trial, the May 12, 2006 trial, the trial court judge asked Petitioner if there was anyone he wanted to call to the witness stand. Petitioner stated that he wanted to recall Detective Vernon Peterson. The prosecution informened the court that his witness, Detective Vernon Peterson, had left the court house. Upon calling Detective Peterson, the prosecution told the court that Detective Peterson was at home, but could make it back to the court house by 4:00 P.M. Upon this information, the trial court enquired of the Petitioner to show cause, as to why he wanted to recall Detective Peterson. Petitioner stated to the court that, Detective Peterson had testified that he had only a one-way wire in which he could only transmit, but not receive, and none of his communications were ever recorded. Petitioner pointed out to the court page 6, line(s) 24-26 of the transcripts, of the 10-19-05

2 of 4

Ground #2:

incident, and the recording were Detective Peterson could be heard engaged in a two-way communication. The court took a break, returned to the court room, and said that he had read page 6, of the transcripts, and listened to the recording, and concluded that the voices on the tape were someone else not Detective Vernon (Vern) Peterson, and thus denied Petitioner his constitutional right to confront and cross-examin the adverse witness regarding this issue. Prior to Petitioner request to recall Detective Peterson, during direct examination, regarding the alleged one-way wire, is as follows; Q. What did you do?
A. I just stated on my one-way wire that I saw Mr. Hill drop the glass pipe and cigarette lighter. Pg. 124, line 2-4.

The actual recording that, the said testimony is referring to, (from the 10-14-05 transcripts), is as follows; "Hey, Vern, it's positive on both [gap]
Hey, Vern says the guy dropped a lighter and pipe right about where you picked him up.
10-14-05 pg. 6, lines 12-15.

Here Petitioner feels that, this appears to be a two-way conversaion between Detective Vernon (Vern) Peterson

3.of 4

Ground #2:

and someone else. Then it continues as follows; "Hey" Vern, do you remember if the lighter is blue? Yeah, it was a blue lighter

10-14-05, pg. 6, line 24-25.

Here again Petitioner feels that, this seems to be a two-way (recorded) communication between Detective Vernon (Vern) Peterson, and someone else. Petitioner feels that he should have been givin his constitutional right to cross-examin Detective Peterson about what appears to be a two-way communication in which he (Vern) is a party. The trial judge concluded that the voice on the audio was not Detective Vern Peterson, and thus denied Petitioner his consitutional right to due process of the law, when the trial court refused to re-call Detective Peterson to the stand.

Petitioner is now in California State Prison custody, pursuant to the judgement in Superior Court of San Diego County, case number 194373.

4. of 4

## Conclusion

Petitioner was entrapped by way of the manipulation of the co-defendant, she was pressured, aginst her will by the under cover Officer, Vernon (Vern) Peterson. Subsequently the scared, unwitting co-defendant aided the under cover officer in the illegal purchase of narcotics. The co-defendant approched Petitioner as he's walking by, and said "here had him this." Petitioner was denied his constitutional rights to have these facts in evidence tried by the jury, because, the trial court refused to give the requested instruction on the defense of entrapment... Detective Peterson's many testimonies were unsupported by the evidence. He stated in his testimony that he only had a one-way wire that was able to transmitt, but not receive, and he testified that none of his communications were recorded. The evidence clearly shows Detective Vernon (Vern) Peterson engaged in a number of two-way communications. Petitioner had the constitutional right to confront the witness regarding these issues, but was denied via the trial court's refusal to recall the adverse witness. Violation of Petitioner's constitutional rights warrants reversal of the conviction.

(d) **GROUND FOUR**: _____

_____

_____

Supporting FACTS: _____

_____

[blank lines]

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _____

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)     -9-     cv

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____
    _____

    (e) Name(s) of judges (if known): _____

    (f) Grounds raised: _____
    _____
    _____
    _____
    _____

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____
    _____

    (b) At arraignment and plea: _____
    _____

    (c) At trial: _____
    _____

    (d) At sentencing: _____
    _____

    (e) On appeal: _____

    (f) In any post-conviction proceeding: _____
    _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____
    _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____

    (b) Give date and length of the future sentence: _____
    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes ☒ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.    **OR**    ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

2-19-08

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

2-19-08                            *Bernard Hill*
(DATE)                             SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)            -12-                                    cv

PROOF OF SERVICE BY MAIL

I declare that:

I am a resident of Tehachapi State Prison in the county of Tehachapi, California. I am over the age of 18 years. My residence address is: Califorina Correctional Institution P.O. Box 608. Tehachapi, CA. 93581.

On 2-19-08, I served the attached 1st Amended Petition for Writ of Habeas Corpus on the U.S. District Court, Southern District, CA in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at Tehachapi State Prison.

addressed as follows:

United States District Court, Southren, Dictrict Court, of California office of the Clerk, 880 Front street, Suite 4290, San Diego, CA 92101-8900.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on 2-19-08 at Tehachapi, California.

Bernard Hill
[Type or Print Name]

[Signature]