1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  LISE S. JACOBSON, State Bar No. 183862
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-2293
     Fax: (619) 645-2271
9    Email: Lise.Jacobson@doj.ca.gov

10 Attorneys for Respondent

11                 IN THE UNITED STATES DISTRICT COURT

12            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 **BERNARD HILL,**                    | 08cv0124-JM (CAB)

15                          Petitioner, | **ANSWER TO FIRST AMENDED
                                        | PETITION FOR WRIT OF HABEAS
16             v.                       | CORPUS AND MEMORANDUM OF
                                        | POINTS AND AUTHORITIES IN
17 **JAMES TILTON, Warden,**            | SUPPORT THEREOF**

18                          Respondent. |
                                        | Judge: The Honorable Cathy Ann
19                                      | Bencivengo

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3   MEMORANDUM OF POINTS AND AUTHORITIES                          5

4   INTRODUCTION                                                  5

5   STATEMENT OF THE CASE                                         5

6   STATEMENT OF FACTS                                            5

7         The People's Evidence                                   6

8         Defense Evidence                                        7

9   ARGUMENT                                                      7

10  **I.    HILL'S CLAIM THAT THE TRIAL COURT VIOLATED HIS
          CONSTITUTIONAL RIGHTS BY FAILING TO INSTRUCT ON**
11        **ENTRAPMENT DOES NOT PROVIDE A BASIS FOR HABEAS
          RELIEF; ALTERNATIVELY, HILL'S CLAIM FAILS BECAUSE**
12        **THE CALIFORNIA COURT OF APPEAL REASONABLY
          DETERMINED THE EVIDENCE DID NOT WARRANT**
13        **INSTRUCTION ON ENTRAPMENT**                           7

14        A.   The AEDPA Deference Standard                       7

15        B.   Hill's Claim Does Not Provide A Basis For Relief Under AEDPA    8

16        C.   The California Court Of Appeal Reasonably Rejected Hill's
               Instructional Error Claim                          9

17

18  **II.   THE CALIFORNIA COURT OF APPEAL REASONABLY
          REJECTED HILL'S CONFRONTATION CLAUSE CLAIM;**
          **ANY ERROR WAS HARMLESS**                             11

19

20        A.   Background Facts                                  11

          B.   The California Court Of Appeal Reasonably Rejected Hill's
21             Confrontation Clause Claim                        12

22        C.   Any Error Was Harmless                            13

23  CONCLUSION                                                   15

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2                                                                                      **Page**

3  **Cases**

4

5  *Bradley v. Duncan*
   315 F.3d 1091 (9th Cir. 2002)                                                        9

6  *Brecht v. Abrahamson*
   507 U.S. 619
7  113 S. Ct. 1710
   123 L. Ed. 2d 353 (1993)                                                             13
8
   *Carey v. Musladin*
9  549 U.S. 70
   127 S. Ct. 649
10 166 L. Ed. 2d 482 (2006)                                                             8, 9

11 *Crane v. Kentucky*
   476 U.S. 683
12 106 S. Ct. 2142
   90 L. Ed. 2d 636 (1986)                                                              8
13
   *Early v. Packer*
14 537 U.S. 3
   123 S. Ct. 362
15 154 L. Ed. 2d 263 (2002)                                                             8

16 *Fry v. Pliler*
   127 S. Ct. 2321
17 168 L. Ed. 2d 16 (2007)                                                              13

18 *Furman v. Wood*
   190 F.3d 1002 (9th Cir. 1999)                                                        7
19
   *Gilmore v. Taylor*
20 508 U.S. 333
   113 S. Ct. 2112
21 124 L. Ed. 2d 306 (1993)                                                             8, 9

22 *Lindh v. Murphy*
   521 U.S. 320
23 117 S. Ct. 2059
   138 L. Ed. 2d 481 (1997)                                                             7
24
   *Mathews v. United States*
25 485 U.S. 58
   108 S. Ct. 883
26 99 L. Ed. 2d 54 (1988)                                                               8, 9

27

28

# TABLE OF AUTHORITIES  (continued)

| | Page |
|---|---|
| *People of Territory of Guam v. Teixeira*<br>859 F.2d 120 (9th Cir. 1988) | 8 |
| *People v. McIntire*<br>23 Cal. 3d 742<br>591 P.2d 527<br>153 Cal. Rptr. 237 (1979) | 10 |
| *People v. Quartermain*<br>16 Cal. 4th 600<br>941 P.2d 788<br>66 Cal. Rptr. 2d 609 (1997) | 12 |
| *People v. Watson*<br>22 Cal. 4th 220<br>990 P.2d 1031<br>91 Cal. Rptr. 2d 822 (2000) | 9, 10 |
| *Pollard v. Galaza*<br>290 F.3d 1030 (9th Cir. 2002) | 5 |
| *Schriro v. Landrigan*<br>127 S. Ct. 1933<br>167 L. Ed. 2d 836 (2007) | 8 |
| *Sosa v. Jones*<br>389 F.3d 644 (6th Cir. 2004) | 8, 9 |
| *Stevenson v. United States*<br>162 U.S. 313<br>16 S. Ct. 839<br>40 L. Ed. 980 (1896) | 8 |
| *Taylor v. Withrow*<br>288 F.3d 846 (6th Cir. 2002) | 11 |
| *Texas v. Cobb*<br>532 U.S. 162<br>121 S. Ct. 1335<br>149 L. Ed. 2d 321 (2001) | 9 |
| *United States v. Russell*<br>411 U.S. 423<br>93 S. Ct. 1637<br>36 L. Ed. 2d 366 (1973) | 8 |
| *Yarborough v. Alvarado*<br>541 U.S. 652<br>124 S. Ct. 2140<br>158 L. Ed. 2d 938 (2004) | 8 |

## TABLE OF AUTHORITIES  (continued)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Page**

**Statutes**

28 U.S.C. § 2254(d)                                                             8

Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA)                                        7-9, 11, 13, 15

**Court Rules**

Fed. R. Crim. Proc. § 31(c)                                                 8

08cv0124-JM (CAB)

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | DANIEL ROGERS
Deputy Attorney General
5 | LISE S. JACOBSON, State Bar No. 183862
Deputy Attorney General
6 | 110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 645-2293
Fax: (619) 645-2271
9 | Email: Lise.Jacobson@doj.ca.gov

10 | Attorneys for Respondent

11 | **IN THE UNITED STATES DISTRICT COURT**

12 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13 |

14 | **BERNARD HILL,**

15 | **Petitioner,**

16 | v.

17 | **JAMES TILTON, Warden,**

18 | **Respondent.**

**08cv0124-JM (CAB)**

**ANSWER TO FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: The Honorable Cathy Ann Bencivengo

19 |

20 | Respondent, James Tilton, Director of the California Department of Corrections and

21 | Rehabilitation, by and through his counsel, Edmund G. Brown Jr., Attorney General for the State of

22 | California, and Lise Jacobson, Deputy Attorney General, makes this Answer pursuant to the Order

23 | of this Court filed on March 4, 2008  Respondent denies and affirmatively alleges as follows:

24 | **I.**

25 | Petitioner Bernard Hill is presently in the lawful custody of the California Department of

26 | Corrections and Rehabilitation pursuant to a valid judgment of conviction rendered on June 15,

27 | 2006, in case no. SCD194373.  Hill was sentenced to prison for twelve years for selling cocaine

28 | base, possession of cocaine base for sale, and possession of narcotics paraphernalia.

08cv0124-JM (CAB)

**II.**

Hill's detention is lawful and proper.

**III.**

The present case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

**IV.**

Hill raises two grounds for relief: (1) the trial court violated his right to a fair trial by declining to instruct on entrapment, and (2) the trial court violated his right to confrontation by denying his request to recall a percipient police officer witness. Hill exhausted state court remedies on these claims by presenting them to the California Supreme Court in a petition for review on direct appeal.

**V.**

The Petition is timely, and Hill's claims are not procedurally defaulted.

**VI.**

Ground one does not provide a basis for habeas relief because the United States Supreme Court has not recognized a constitutional right to an entrapment defense or instructions on affirmative defenses.

**VII.**

The Petition should be denied and dismissed with prejudice because the California Court of Appeal properly rejected both grounds in the present Petition in a decision that involved neither an unreasonable application of clearly established federal law as set forth by the United States Supreme Court nor an unreasonable determination of the facts in light of the evidence presented.

**VIII.**

Hill is not entitled to an evidentiary hearing because any failure to develop the factual predicate for his claims cannot be excused. Hill cannot show that: (1) any of his claims are predicated on a new rule of law with retroactive application; or (2) the factual predicate for any of his claims could not have been discovered earlier with due diligence; and (3) by clear and convincing evidence no reasonable fact finder would have found him guilty but for the claimed error.

08cv0124-JM (CAB)

2

1

**IX.**

2  Respondent has lodged all transcripts, briefs, and opinions in counsel's possession that are

3  required by 28 U.S.C. foll. § 2254, Rule 5(c) and (d). Respondent incorporates all of the lodgments

4  into this Answer.

5

**IX.**

6  The relevant procedural history is set forth in the accompanying Memorandum of Points

7  and Authorities which is herein incorporated by reference.    Except as expressly admitted,

8  Respondent denies each and every allegation of the Petition and specifically denies that Hill's

9  constitutional rights have been or are being violated.

10  ///

11  ///

12  ///

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv0124-JM (CAB)

1         WHEREFORE, for the reasons set forth more fully in the following Memorandum of

2 Points and Authorities and Lodgments, it is respectfully requested that the Petition be denied with

3 prejudice.

4         Dated:  April 24, 2008

5                          Respectfully submitted,

6                          EDMUND G. BROWN JR.
                         Attorney General of the State of California

7                          DANE R. GILLETTE
                         Chief Assistant Attorney General

8

9                          GARY W. SCHONS
                         Senior Assistant Attorney General

10                          DANIEL ROGERS
                         Deputy Attorney General

11

12                          /s/ LISE S. JACOBSON

13                          LISE S. JACOBSON
                         Deputy Attorney General

14                          Attorneys for Respondents

15  70121823.wpd
   SD2008700194

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv0124-JM (CAB)

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner Bernard Hill sold drugs to an undercover officer.  In his First Amended Petition for Writ of Habeas Corpus (Petition), Hill contends the trial court violated his constitutional rights by failing to instruct the jury on entrapment and by denying his request to recall the undercover officer for further examination.  Because the United States Supreme Court has not recognized a constitutional entrapment defense, Hill's instructional error claim does not provide a basis for habeas relief.  In any event, the Petition should be denied because the California Court of Appeal reasonably rejected both of Hill's claims.

## STATEMENT OF THE CASE

A San Diego County jury found Hill, who represented himself at trial, guilty of selling cocaine base, possession of cocaine base for sale, and possession of narcotics paraphernalia.  Afterward, Hill admitted he had sustained four prior narcotics related convictions, two prior-prison term convictions, and one prior strike conviction.  (CT 169-71, 173.)[1/]  The trial court sentenced Hill to prison for twelve years for these offenses.  (CT 135-36, 174; 387.)

Hill appealed.  (Lodgments 1 and 2)  On July 31, 2007, the California Court of Appeal affirmed the conviction in an unpublished opinion.  (Lodgment 3.)  Hill then petitioned for review on the two claims in the present Petition.  (Lodgment 4.)  On October 10, 2007, the California Supreme Court denied review.  (Lodgment 5.)

Hill filed the present Petition on February 22, 2008.  On March 4, 2008, this Court ordered Respondent to file a response.

## STATEMENT OF FACTS

The California Court of Appeal set forth the facts, which are presumed to be correct, *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002), as follows:

---

1. Respondent has referred to the clerk's transcript as CT and the reporter's transcript as RT throughout this brief and has lodged these documents respectively as Lodgments 8 and 9.

08cv0124-JM (CAB)

**The People's Evidence**

On October 14, 2005, officers from the San Diego Police Department were conducting an undercover narcotics operation in the 400 block of 15th Avenue in San Diego. San Diego Police Officer Vernon Peterson saw a female, later determined to be Carla King, who appeared to be "adjusting the front portion of her pants." Officer Peterson believed that King was taking some type of controlled substance from her pants. As Officer Peterson started to approach King, she walked away from him, toward two men. King began talking with the two men. Officer Peterson walked up to King and asked her if she had a "2-0," which is slang for $20 worth of narcotics. King was standing near the two men at the time. King responded that she did not know Peterson. Officer Peterson walked away briefly, and then approached King again and said that he "just wanted a 2-0." King responded by stating that she was scared.

At this point, Hill walked up to the group. King said to Hill, "Bernard, here, he wants a 20," and handed Hill an off-white substance. King then walked away, accompanied by the two men with whom she had been talking. Hill handed Officer Peterson the substance, which police later determined was .26 grams of cocaine base. Officer Peterson gave Hill a prerecorded $20 bill. After giving Hill the $20 bill, Officer Peterson alerted other police officers who were monitoring the transaction that a sale had been completed.

As San Diego Police Officer Jose Chavez arrived to arrest Hill, Hill dropped a lighter and a glass pipe on the ground. The pipe tested positive for cocaine. While Officer Chavez was handcuffing Hill, Hill stepped on some "crumpled-up money." Officer Chavez saw Hill attempt to push a bill toward a nearby planter box. Officer Chavez recovered the money, which police determined was the prerecorded $20 bill that Officer Peterson had given Hill.

After police transported Hill to the police station, Officer Peterson advised Hill of his "constitutional rights." Hill indicated that he understood those rights and that he was willing to waive them and speak with Officer Peterson. Officer Peterson asked Hill what had happened during the incident. Officer Peterson described Hill's response as follows: "[H]e was walking towards Island Avenue and someone told him, 'Don't you know him?' He said someone gave him a piece of rock and he gave it to me."

08cv0124-JM (CAB)

6

1    The People also presented evidence regarding a 1999 incident in which Hill sold cocaine

2 base.

3    **Defense Evidence**

4    In an apparent attempt to establish that Hill did not harbor the requisite intent, a defense

5 investigator testified that Hill did not appear to be sober in a photograph that was taken after his

6 arrest. During closing argument, Hill argued that he had been "high" at the time of the transaction,

7 that he had "no intent to sell," and that the evidence the People presented did not demonstrate that

8 he had "knowledge and an intent." (Lodgment 3 at 2-4.)

9    **ARGUMENT**

10    **I.**

11    **HILL'S CLAIM THAT THE TRIAL COURT VIOLATED HIS
CONSTITUTIONAL RIGHTS BY FAILING TO INSTRUCT ON**
12    **ENTRAPMENT DOES NOT PROVIDE A BASIS FOR HABEAS
RELIEF; ALTERNATIVELY, HILL'S CLAIM FAILS BECAUSE THE**
13    **CALIFORNIA COURT OF APPEAL REASONABLY DETERMINED
THE EVIDENCE DID NOT WARRANT INSTRUCTION ON**
14    **ENTRAPMENT**

15    Hill contends the trial court violated his federal constitutional right to a jury trial by failing

16 to instruct the jury on the defense of entrapment. (Pet. 6-10.) Because the United States Supreme

17 Court has not held that the Constitution includes an entrapment defense or the right to instructions

18 on affirmative defenses, the California Court of Appeal's decision could not have been contrary to,

19 or involved an unreasonable application of, federal law. Alternatively, Hill is not entitled to relief

20 because the California Court of Appeal reasonably determined the evidence did not warrant

21 instruction on this defense.

22    **A.    The AEDPA Deference Standard**

23    Because the Petition was filed after April 24, 1996, the deference standard set forth in the

24 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. *Furman v. Wood*,

25 190 F.3d 1002, 1004 (9th Cir. 1999), *citing Lindh v. Murphy*, 521 U.S. 320, 336-338, 117 S. Ct.

26 2059, 2068, 138 L. Ed. 2d 481 (1997). Under this standard, federal habeas relief is available only

27 when a state court decision is "contrary to, or involved an unreasonable application of, clearly

28 established Federal law, as determined by the Supreme Court of the United States," or was based on

1  "an unreasonable determination" of the state court evidence.  28 U.S.C. § 2254(d).  Thus, a federal

2  court "cannot grant relief under AEDPA by conducting its own independent inquiry into whether the

3  state court was correct as a *de novo* matter." *Yarborough v. Alvarado*, 541 U.S. 652, 124 S. Ct.

4  2140, 2150, 158 L. Ed. 2d 938 (2004).  Instead, federal habeas relief may only be granted where the

5  state court "decision was contrary to or involved an unreasonable application of [the Supreme]

6  Court's applicable holdings." *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653, 166 L. Ed. 2d

7  482 (2006).  "AEDPA also requires federal habeas courts to presume the correctness of state courts'

8  factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §

9  2254(e)(1)." *Schriro v. Landrigan,* 127 S. Ct. 1933, 1939-40, 167 L. Ed. 2d 836 (2007).

10  **B.   Hill's Claim Does Not Provide A Basis For Relief Under AEDPA**

11  "[T]he Supreme Court has not yet recognized a constitutionally required entrapment

12  defense." *Sosa v. Jones*, 389 F.3d 644, 645 (6th Cir. 2004); *accord United States v. Russell,* 411

13  U.S. 423, 433, 93 S. Ct. 1637, 1643, 36 L. Ed. 2d 366 (1973) (entrapment defense is not of

14  constitutional dimension); *People of Territory of Guam v. Teixeira,* 859 F.2d 120, 122 (9th Cir.

15  1988).   Nor has the high Court ever held that the Constitution requires states to instruct on

16  affirmative defenses.

17  The Court has recognized that "'the Constitution guarantees criminal defendants "a

18  meaningful opportunity to present a complete defense."'" *Crane v. Kentucky*, 476 U.S. 683, 690,

19  106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986).  But the Court explicitly limited this federal constitutional

20  right to the improper exclusion of defense evidence; the court has not extended it to the failure to

21  present state-law instructional theories. *Gilmore v. Taylor*, 508 U.S. 333, 341-42, 113 S. Ct. 2112,

22  124 L. Ed. 2d 306 (1993).  To be sure, as a matter of federal statutory and common law, a criminal

23  defendant is entitled to instructions on defenses "'for which there exists evidence sufficient for a

24  reasonable jury to find in his favor.'" *Mathews v. Unites States*, 485, U.S. 58, 63, 108 S. Ct. 883,

25  99 L. Ed. 2d 54 (1988); Fed. R. Crim. Proc. § 31(c).  This case, however, arises under the AEDPA,

26  and decisions involving the high court's supervisory power or the Federal Rules of criminal

27  Procedure are irrelevant. *Early v. Packer*, 537 U.S. 3, 10, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

28  A close inspection of *Mathews* and the case it relied upon, *Stevenson v. United States*, 162 U.S. 313,

1   16 S. Ct. 839, 40 L. Ed. 980 (1896), demonstrates that they are not based on the federal Constitution.

2   As the Supreme Court pronounced in *Texas v. Cobb*, 532 U.S. 162, 169, 121 S. Ct. 1335, 149 L. Ed.

3   2d 321 (2001), "'[c]onsitutional rights are not defined by inference from opinions which did not

4   address the question at issue.'" That *Mathews* did not address the constitutional issue was made

5   abundantly clear in *Gilmore*, which came five years after *Mathews*, when the Court flatly rejected

6   the argument that the right to present a defense includes the right to have the jury consider it, and that

7   confusing instructions on state law which prevent a jury from considering an affirmative defense

8   therefore violate due process. *Gilmore v. Taylor*, 508 U.S. at 344.

9          Consequently, because the Supreme Court has not held that the Constitution includes any

10  entrapment defense or a right to instructions on affirmative defenses, the California Court of

11  Appeal's determination that Hill was not entitled to an instruction on entrapment does not provide

12  a basis for habeas relief under AEPDA. *See Sosa v. Jones*, 389 F.3d at 645; *see also Carey v.*

13  *Musladin*, 127 S. Ct. at 654 ("Given the lack of holdings from this Court regarding the potentially

14  prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that

15  the state court 'unreasonabl[y] appli[ed] clearly established Federal law.' § 2254(d)(1)."); *but see*

16  *Bradley v. Duncan*, 315 F.3d 1091, 1098 (9th Cir. 2002) (failure to instruct on entrapment was not

17  simply a violation of state law; it also affected petitioner's due process rights).

18      **C.    The California Court Of Appeal Reasonably Rejected Hill's Instructional Error**
            **Claim**
19

20         Assuming that the failure to instruct on entrapment could provide a basis for relief under

21  AEPDA, Hill's claim still fails. The Ninth Circuit has held that due process requires a trial court to

22  instruct the jury on a recognized defense "'for which there exists evidence sufficient for a reasonable

23  jury to find in his favor.'" *Bradley v. Duncan*, 315 F.3d at 1098 (quoting *Mathews v. United States*,

24  485 U.S. at 63). But no federal authority requires a state trial court to instruct on a defense not

25  supported by the evidence. That is what the California Court of Appeal correctly determined was

26  the situation here.

27         The test for entrapment in California is objective and focuses on police conduct.

28  "'Entrapment is established if law enforcement conduct is likely to induce a *normally law-abiding*

08cv0124-JM (CAB)

1   *person* to commit the offense.'" (Lodgment 3 at 19, quoting *People v. Watson*, 22 Cal. 4th 220, 223,

2   990 P.2d 1031, 1032, 91 Cal. Rptr. 2d 822, 823-824 (2000). This defense may be established "where

3   'manipulation of a third party by law enforcement officers to procure the commission of a criminal

4   offense by another renders the third party a government agent for purposes of the entrapment

5   defense.'" (Lodgment 3 at 20, quoting *People v. McIntire*, 23 Cal.3d 742, 748, 591 P.2d 527, 530,

6   153 Cal.Rptr. 237, 240 (1979).)

7           The Court of Appeal determined the evidence in this case did not warrant an instruction

8   on entrapment under the above-cited authorities. In reaching this conclusion, the Court of Appeal

9   pointed out that Hill acknowledged "no law enforcement officer ever approached him to attempt to

10  get him to commit the charged offenses." (Lodgment 3 at 20.) As for third party manipulation, the

11  Court of Appeal found there was no evidence that the state used King as their agent, no evidence that

12  King pressured Hill to commit the charged offenses, and no "substantial evidence that law

13  enforcement pressured *King* to commit a crime." (Lodgment 1 at 20-21.) With respect to the latter

14  deficiency, the Court of Appeal observed, "[t]he fact that Officer Peterson testified that he twice

15  requested that King sell him $20 worth of cocaine base does not rise to the level of 'overbearing

16  conduct such as badgering, cajoling, importuning' as is required under California law to support an

17  entrapment defense." (Lodgment 1 at 21 (quoting *People v. Watson*, 22 Cal.4th at 223.)

18  Consequently, the Court of Appeal concluded there was no instructional error. (Lodgment 1 at 21.)

19          The record amply supports the Court of Appeal's factual findings regarding the dearth of

20  evidence of entrapment. Officer Peterson acknowledged he "tried to be persistent" with King, but

21  in so doing he only twice asked King for "a 2-0." (3 RT 116-117, 143.) The two requests were

22  made within minutes of each other, with Officer Peterson walking away briefly in between them.

23  (3 RT 116-118, 135, 142, 230-232.) After the first request, King stated she did not know Officer

24  Peterson. Afer the second, she responded that she was scared. (3 RT 117.) When Hill walked by

25  after the second request, King made only one comment to him: "Bernard, here, he wants a 20." (3

26  RT 119.) Hill did not respond verbally to the request. King then handed the cocaine base to Hill,

27  and Hill, in turn, sold it to Officer Peterson. (3 RT 121.)

28

1    Hill has failed to overcome the California Court of Appeal's presumptively correct

2    findings regarding the insufficiency of entrapment evidence with clear and convincing evidence to

3    the contrary.  Consequently, the California Court of Appeal's rejection of Hill's instructional error

4    claim did not involve an unreasonable application of Supreme Court precedent.  AEDPA, therefore,

5    precludes relief.  *See e.g., Taylor v. Withrow*, 288 F.3d 846, 854 (6th Cir. 2002) (instruction on self-

6    defense was not appropriate where the evidence did not support self-defense as defined by state law);

7    *compare Bradley v. Duncan,* 315 F.3d at 1095-1101 (evidence of manipulation of ill addict going

8    through withdrawals to procure commission of crime by petitioner warranted instruction on

9    entrapment where instruction was given in first trial in which the evidence was identical; omission

10    of instruction violated due process).

11    **II.**

12    **THE CALIFORNIA COURT OF APPEAL REASONABLY REJECTED**
     **HILL'S CONFRONTATION CLAUSE CLAIM; ANY ERROR WAS**
13    **HARMLESS**

14    Hill asserts the trial court's refusal to recall Officer Peterson so that he could examine him

15    about whether he was wearing a one-way or two-way wire transmitter on the day of the sale violated

16    his Sixth Amendment right to confrontation.  (Pet. at 11-14.)  The California Court of Appeal

17    reasonably rejected this claim because the proposed examination would not have produced relevant

18    evidence.  Moreover, any error was harmless in light of the strength of the prosecution's case, the

19    evidence that was admitted, and the apparent nature of the excluded evidence.

20    **A.    Background Facts**

21    Officer Peterson testified that he was wearing a one-way wire during the undercover buy

22    and that he could transmit, but not "hear anything coming back." (3 RT 109-110.) Officer Peterson

23    also testified there was "a recording, a tactical tape of the frequency that [they] were using on that

24    day." (3 RT 136.)

25    Consistent with Officer Peterson's testimony, Officer Chavez testified on cross-

26    examination that the audiotape recording was from a channel that the officers use to communicate

27    with each other.  Officer Chavez also clarified that "the wire is something separate[,]"and that

28    Officer Peterson could only transmit on his wire. (3 RT 194.) Officer Chavez further testified about

08cv0124-JM (CAB)

11

1   the portion of the transcript of the audiotape that contained the following dialogue: "Hey, Vern, do

2   you remember if the lighter was blue?" [¶] "Yeah, it was a blue lighter." [¶] "Okay. Ten-four.

3   I got the pipe. Good thing the lighter is blue. It actually wouldn't matter. There's like five lighters."

4   (3 RT 194.) Officer Chavez stated he asked "Vern" the question and that Officer Peterson is "Vern."

5   (3 RT 194.)

6           After the prosecution rested, Hill stated he wanted to recall Officer Peterson so that he

7   could question him about his testimony that he could only transmit on the wire because the tactical

8   tape established there was a recorded two-way transmission. Hill stated there was evidence on page

9   six of the transcript of the tactical tape, which is quoted above, indicating that, contrary to Officer

10  Peterson's testimony about the one way wire, he was able to talk to the officers in a recorded

11  conversation. (3 RT 326-38, 241; *see* Lodgment 10 (transcript of tactical tape).)

12          The trial court reviewed the transcript of the tactical tape and determined that the

13  statements on the portion of the transcript Hill was seeking to admit were made after Hill and King

14  had been apprehended, when Officer Peterson was either in the presence of the other officers or

15  speaking to them via another police radio. (3 RT 238-41; see Lodgment 10 at 5-6.) Accordingly,

16  the court declined to allow Hill to recall Officer Peterson because it did not believe Hill would be

17  "introducing any relevant evidence." (3 RT 242.) But the court agreed to let Hill play the tactical

18  tape for the jury, which Hill did. (3 RT 242, 256; see Lodgment 10 at 6, lines 24-26.) The trial court

19  later granted the prosecutor's motion to admit the entire transcript of the tape rather than just the

20  three lines that were played for the jury. (3 RT 256, 258; *see also* 6 RT 371-383 (discussion at new

21  trial motion regarding whether Officer Peterson perjured himself).

22  **B.    The California Court Of Appeal Reasonably Rejected Hill's Confrontation**
        **Clause Claim**

23

24          In rejecting Hill's Confrontation Clause claim, the California Court of Appeal recognized

25  that both the federal and state constitutions include a qualified right to confront prosecution

26  witnesses. (Lodgment 1 at 15.) The Court of Appeal then quoted the California Supreme Court's

27  discussion in *People v. Quartermain*, 16 Cal. 4th 600, 623-24, 941 P.2d 788, 66 Cal. Rptr. 2d 609

28

(1997), regarding the scope of the right of confrontation in examining adverse witnesses on credibility issues:

> "Although the right of confrontation includes the right to cross-examine adverse witnesses on matters reflecting on their credibility, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination." ( *Delaware v. Van Arsdall* (1986) 475 U.S. 673, 679 [106 S.Ct. 1431, 1435, 89 L.Ed.2d 674].) In particular, notwithstanding the confrontation clause, a trial court may restrict cross-examination of an adverse witness on the grounds stated in Evidence Code section 352. (See *People v. Harris* (1989) 47 Cal.3d 1047, 1090-1091 [255 Cal.Rptr. 352, 767 P.2d 619].) A trial court's limitation on cross-examination pertaining to the credibility of a witness does not violate the confrontation clause unless a reasonable jury might have received a significantly different impression of the witness's credibility had the excluded cross-examination been permitted. ( *Delaware v. Van Arsdall, supra,* 475 U.S. at p. 680 [106 S.Ct. at pp. 1435-1436]; *People v. Belmontes* (1988) 45 Cal.3d 744, 781 [248 Cal.Rptr. 126, 755 P.2d 310].)

(Lodgment 1 at 16, citations added.)

After noting that Hill could have questioned Officer Peterson regarding the wire during his initial cross-examination, the Court of Appeal held that no confrontation clause violation occurred because the trial court properly exercised its discretion in finding that the proposed examination of Officer Peterson would not have produced relevant evidence. (Lodgment 1 at 16, 17.) The Court of Appeal continued:

> The record indicates that the trial court reviewed the transcript of the tactical tape and concluded that . . . Officer Peterson's comments on the tape had been prompted by information provided to him through a police radio frequency after Hill's arrest, rather than via the one-way wire Officer Peterson was wearing. We have also reviewed the transcript, and conclude that the trial court did not abuse its discretion in making this preliminary factual determination.

(Lodgment 1 at 16.)

As the above discussion of the evidence and law establish, the California Court of Appeal reasonably applied controlling Supreme Court authority to the facts of this case in determining no confrontation clause violation occurred.   Accordingly, AEDPA precludes relief.

**C.   Any Error Was Harmless**

Even assuming the trial court had violated Hill's right to confrontation by denying his request to recall Officer Peterson, the violation did not have a "'substantial and injurious effect or influence in determining the jury's verdict,'" for three reasons. *Brecht v. Abrahamson*, 507 U.S. 619,

1   623, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *see Fry v. Pliler*, 127 S. Ct. 2321, 2328, 168 L. Ed.

2   2d 16 (2007) (*Brecht* standard applies on habeas regardless of whether the state court found error and

3   evaluated it under the federal harmless error standard). First, as the Statement of Facts, *ante*, shows,

4   the evidence against Hill was overwhelming.  Officer Peterson's testimony about the sale was

5   corroborated, in part, by another detective and Hill's admission to Officer Peterson that, after

6   someone gave him "a piece of rock," he gave the rock piece to Officer Peterson who then gave him

7   a $20 bill. (2 RT 61; 3 RT 117-121, 126, 130; 3 RT 221-224.)  Second, Hill played a portion of the

8   tactical tape for the jury. (3 RT 256.)  He subsequently argued to the jury that the fact that Officer

9   Peterson's voice was on the recoding was inconsistent with Officer Peterson's testimony that he was

10  wearing a one-way wire with no recording device. (4 RT 323.)  Thus, the jury was in a position to

11  determine for itself whether Officer Peterson's voice was on the recording and what, if any,

12  significance this had.  Third, as the Court of Appeal observed, whether Officer Peterson was wearing

13  a one-way or a two-way wire was a collateral issue in the case.  (Lodgment 1 at 17, n6.)

14  Accordingly, any error was harmless and does not warrant habeas relief.

15  ///

16  ///

17  ///

18

19

20

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2          The California Court of Appeal's rejection of Hill's claim that the trial court erred in

3    declining to give an instruction on entrapment does not provide a basis for relief under AEDPA

4    because the Supreme Court has not held that the entrapment defense is constitutionally-based or that

5    the constitution requires instructions on affirmative defenses.  Alternatively, this Court should deny

6    relief on Hill's instructional error claim as well as his  confrontation clause claim because the

7    California Court of Appeal reasonably rejected these claims on direct appeal.  Furthermore, any

8    confrontation clause error was harmless.  Accordingly, the Petition should be denied with prejudice.

9          Dated:  April 24, 2008

10                         Respectfully submitted,

11                         EDMUND G. BROWN JR.
                           Attorney General of the State of California

12                         DANE R. GILLETTE
                           Chief Assistant Attorney General
13
                           GARY W. SCHONS
14                         Senior Assistant Attorney General

                           DANIEL ROGERS
15                         Deputy Attorney General

16

17                         /s/ LISE S. JACOBSON

18                         LISE S. JACOBSON
                           Deputy Attorney General
19
                           Attorneys for Respondent
20

21

22

23

24

25

26

27

28

08cv0124-JM (CAB)

1

### DECLARATION OF SERVICE BY U.S. MAIL

2  Case Name:  **Bernard Hill v. James Tilton, Warden**
   Case No.:   **08cv0124-JM (CAB)**

3

   I declare:

4

   I am employed in the Office of the Attorney General, which is the office of a member of the

5  California State Bar, at which member's direction this service is made.  I am 18 years of age or
   older and not a party to this matter.  I am familiar with the business practice at the Office of the

6  Attorney General for collection and processing of correspondence for mailing with the United
   States Postal Service.  In accordance with that practice, correspondence placed in the internal

7  mail collection system at the Office of the Attorney General is deposited with the United States
   Postal Service that same day in the ordinary course of business.

8
   On April 24, 2008, I served the attached **ANSWER TO FIRST AMENDED PETITION FOR**
9  **WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES**
   **IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with

10 postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney
   General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA  92186-5266,

11 addressed as follows:

12
   Bernard A. Hill
13 CDC No. J-76544
   California Correctional Institution
14 P.O. Box 608
   Tehachapi, CA  93581

15
   *Petitioner in Pro Per*
16

17

18 I declare under penalty of perjury under the laws of the State of California the foregoing is true
   and correct and that this declaration was executed on April 24, 2008, at San Diego, California.
19

20       C. Pasquali

21       Declarant                              Signature

22 70121824.wpd

23

24

25

26

27

28