UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HILL,<br><br>　　　　　　　　　　　Petitioner,<br>　　vs.<br><br>JAMES TILTON, Warden, et al.<br><br>　　　　　　　　　　　Respondent. | CASE NO. 08-CV-0124 (JM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

   Petitioner, proceeding pro se, filed his first amended § 2254 habeas petition on February 22, 2007. (Doc. no. 4.) He challenges his conviction in San Diego Superior court for selling cocaine base, possession of cocaine base for sale, and possession of narcotics paraphernalia. Respondent filed an answer to the petition on April 24, 2008. Petitioner filed a traverse on July 9, 2008. On July 23, 2008, Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") recommending that the court deny the petition for writ of habeas corpus with prejudice. (Doc. no. 11.) Petitioner filed objections to the R&R on August 29, 2008.

   Having carefully considered the R&R, the record before the court, and the applicable authorities, the court **ADOPTS** the R&R in its entirety. Petitioner has failed to establish that the failure of the trial court to give instruction on the entrapment defense was so prejudicial as to preclude a fair trial on the issues, and he has not shown a reasonable probability that the result of the proceeding would have been different if the instruction had been given. The police can take reasonable

1  steps to gain the confidences of the suspect, as long as such conduct is not overbearing on the suspect.
2  People v. Barraza, 23 Cal.3d 675, 690. Petitioner did not show that he was induced into the
3  commission of the crime by "overbearing conduct such as badgering, cajoling, importuning, or other
4  affirmative acts likely to induce a normally law-abiding person to commit the crime." Id.
5  Furthermore, petitioner's Confrontation Right was not violated since Petitioner already had the
6  opportunity to cross examine the adverse witness. The issue of whether the officer was wearing a one-
7  way or two-way wire was collateral, and this line of questioning would not have changed the outcome
8  of the trial, since there was sufficient evidence to show that the Petitioner committed the crime in
9  question.  Accordingly, the court **DENIES** with prejudice the petition for writ of habeas corpus, under
10 28 U.S.C. §§ 2254.  The Clerk is ordered to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  October 3, 2008**

_____
**Hon. Jeffrey T. Miller**
**United States District Judge**